GEORGE KANZLER, complainant-appellant,

*v.*

MARY A. SMITH et al., defendants-respondents, and SMITH & KANZLER, INC., a corporation, defendant-appellant.

[Argued February 10th, 1939. Decided May 15th, 1939.]

*Mr. Samuel Koestler,* for the complainant-appellant.

*Mr. Melvin J. Koestler,* for the defendant-appellant, Smith & Kanzler, Inc.

*Mr. Charles J. Stamler,* for the respondent Mary A. Smith.

*Mr. Merritt Lane,* for the respondents Mary Patricia Smith et al.

The opinion of the court was delivered by

PARKER, J.

This is the second appeal in this cause. The salient facts appear in our opinion on the former appeal from a final

decree, which opinion is reported in *123 N. J. Eq. 602*. We there held that the court of chancery properly decided that on the death of the father of Mary Patricia Smith, which dissolved the previous partnership, said Mary became entitled as only child of her father to two-thirds of her father's one-half interest in the partnership, which, of course, would be one-third of the whole; and that as Mary Patricia was an infant, the value of that one-third should be ascertained and paid to her guardian. With respect to ascertaining the value of the one-half interest that was owned by Patrick J. Smith, the deceased partner, certain practical and legal questions arose, and were disposed of in the first final decree which was before us on the former appeal.

Patrick J. Smith died on August 25th, 1930. The first decree fixed the value of the infant's one-third on that date at $86,676.30. The partnership assets were transferred to the new corporation as of January 1st, 1931, and the valuation of the infant's one-third as of that date was fixed at $89,733.16. We said (*123 N. J. Eq.*, foot of *p. 605*) * * * "the entire proceeding under the contract must be set aside, provided it is now possible to determine the amount of money which the deceased partner's estate should have received on dissolution, plus interest, less credits for payments made. This can be done in the court of chancery upon proof of the true value of the partnership assets on liquidation as distinct from book value as shown on the partnership books." The date as of which such value should be ascertained, we fixed as "the time the corporation was formed." In these respects the decree was by our decision modified, and by the opinion the cause was directed to be "remanded to the court of chancery for further action not inconsistent therewith." No other change was intimated in our opinion. But the *remittitur*, drawn and filed by counsel, and not submitted to the court before filing, reads that the decree under appeal "be and the same is hereby set aside and for nothing holden as to all matters therein contained, excepting, however, as to those matters which are approved in the opinion of this court filed herein;" and proceeds (adopting in this instance the last sentence of our opinion) to remand the decree "for further

action therein not inconsistent with the opinion of this court." That *remittitur* does not correctly express the judgment of this court. The result here was not a reversal, but a modification (*123 N. J. Eq. 606*), and a modification amounts, generally, to an affirmance with specified exceptions. A *remittitur* in equity (adopting the language of *Dickinson's Chancery Precedents (Ed. 1894) 200*) "becomes the law of the case, and care should be taken in drawing it up that it embrace all the points determined where the decree is modified or reversed, that the court below may know with precision the directions of the court above." The vice-chancellor, seeing no definite guidance of his course in the *remittitur*, turned to our opinion and undertook to comply with its requirements. That course, while in some respects praiseworthy, was legally erroneous. The proper practice in such case was plainly pointed out many years ago in *Gilmore* v. *Tuttle, 40 N. J. Eq. 385, 391;* reversed in *42 N. J. Eq. 369.* In that case below, *40 N. J. Eq.* (at *p. 391*), Chancellor Runyon said: "The question is whether this court is bound, in the execution of the decree (of the appellate court) to regard the directions of the decree as absolute and to be followed implicitly and literally without any manner of discrimination, or whether they are to be regarded as directions to guide this court in establishing the trustee's liability. I have no doubt that the the latter is the true view." But on appeal this court, speaking through Chief-Justice Beasley, said, that that was wrong; that the chancery court "has properly interpreted the intention of this court" as expressed in its opinion, but that "the respondent should have been sent to this court to ask that this misentry should be rectified." On the authority of this case, we consider that the vice-chancellor in the present case should have refused to reconsider the case without a proper *remittitur* and should have sent the prevailing party back to this court to procure one.

Conforming to the practice indicated in the cited case, *42 N. J. Eq.* (at *p. 370*), the decree now under review will be reversed; and the cause being now in this court, a new decree will be entered here in conformity with our previous opinion. As in the *Gilmore Case,* the new decree will be, with excep-

tions presently to be noted, on the basis of the decree of the chancellor.

We deem this course to be warranted by the special circumstances of the case; but it is not to be considered as justifying any departure from the *remittitur*, which constitutes the formal decree of this court, and the sole guidance of the court below after the cause is remitted.

Taking up the exceptions just mentioned above:—with regard to the dissolution of the corporation, we said, "The corporation, the surviving partner and the widow are all jointly and severally liable to see to it that the infant's guardian is paid the sum of money which should have been realized upon the liquidation of the partnership assets as of the time the corporation was formed. Upon payment of this sum, stock should be canceled as the equities may require, and the corporation should be dissolved and the remaining stockholders should receive proportionate shares of the liquidated assets." The vice-chancellor construed this as requiring a dissolution and liquidation of the corporation in the first place; that the infant be paid out of the proceeds of such liquidation; and thereafter distribution of the remainder be made among the stockholders. The language of the second decree on this point is: "10. That Smith & Kanzler, Inc., be and hereby is, dissolved, and that its directors now serving, to wit (names) act as trustees upon dissolution and that they proceed to dispose of all the assets of the corporation including the trade names (and among others the name of the corporation Smith & Kanzler, Inc.,) under the direction of the court, either as a going concern or otherwise as this court may direct, and that out of the net proceeds of such sale or sales, they do pay the several amounts due to the creditors of said corporation, including the sum directed by this decree to be paid to or for the benefit of the infant Mary Patricia Smith, and that the balance be distributed among the stockholders as their interests may appear at the time for distribution."

The respondents find no fault with this part of the decree; but appellants urge, in the language of one brief, that "there is no objection to the decree providing for a dissolution to become effective at a subsequent date, but the present decree

as phrased works a dissolution effective on the filing of the decree, and would greatly handicap a liquidation in a proper and orderly fashion." They ask that the decree in this respect be modified so that dissolution become effective upon completion of the liquidation by the directors.

We think that the language of the decree goes farther than was indicated by the opinion of this court on this point: and particularly in that the decree seems to declare the corporation dissolved as of its date. No such peremptory and drastic action was intended, or as we think indicated by our opinion. Indeed, a declaration by the court of chancery that a corporation "hereby is dissolved" is beyond the power of that court, as settled by a long line of cases beginning with *Society for Establishing Useful Manufactures* v. *Morris Canal Co., 1 N. J. Eq. 157*. See *14a C. J. 1087, note*. By statute, section 69 of the Corporation act, now *R. S. 14:14-10*, the court of chancery at the conclusion of a receivership in insolvency may make a decree of dissolution, but we know of no other authority in that particular. As we read the (unreported) opinion of the court below, a decree of dissolution at that time is not indicated; and it may well be that the clause "and hereby is, dissolved" inserted probably by counsel when drafting the decree, escaped the attention of the court. With the words "and hereby is" eliminated, the paragraph of the decree which includes it, correctly interprets the opinion of this court upon the former appeal.

We have carefully considered all the grounds for reversal, on the merits, and with the exception last above, find them all without merit. The counsel fees, while considerable, we deem not unreasonable in view of the services performed.

The decree to be entered as above indicated will eliminate the quoted words just discussed. With that exception it should conform to the decree now under review.

Under the circumstances, no costs should be allowed to any of the parties.

*For modification*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 13.